**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

| | | |
|---|---|---|
| CRESHAWN TYLER, | : | Case No. 2:25-cv-863 |
| Plaintiff, | : | |
| | : | |
| vs. | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge Kimberly A. Jolson |
| JOHN DOE, *et al.*, | | |
| Defendants. | | |

**REPORT & RECOMMENDATION**

This matter before the Court is Plaintiff's failure to respond to the Court's Orders and Defendant's Motion to Compel. (Docs. 27, 29, 30). For the following reasons, the Undersigned **RECOMMENDS GRANTING** the Motion to Compel (Doc. 27) and **DISMISSING** Plaintiff's Amended Complaint (Doc. 3) for failure to prosecute.

## I. BACKGROUND

Briefly, Plaintiff, who proceeds *pro se*, filed a prisoner civil rights action alleging excessive force and deliberate indifference to his medical needs. (Doc. 3). On July 7, 2026, Defendants entered a notice to take the deposition of Plaintiff. (Doc. 26). After Plaintiff did not appear and repeated attempts to locate and contact Plaintiff were not successful, Defendants filed a motion to compel Plaintiff to appear for his deposition or in the alternative dismiss the case for want of prosecution on August 8. (Doc. 27). After initially missing his response deadline, the Court ordered Plaintiff to file his response to the motion to compel by September 18. (Doc. 29). Plaintiff was advised that failure to comply with the Order could result in the dismissal of his case for want of prosecution. (*Id.*). After Plaintiff still did not respond, on September 29, the Court ordered Plaintiff to file his response by October 13. (Doc. 30). Plaintiff was advised that this would be his final chance and was additionally warned that failure to respond would result in his case being

dismissed for want of prosecution because it appears he has abandoned this action. (*Id.*). To date, Plaintiff has failed to comply with the Court's Order.

## II. DISCUSSION

The Court's inherent authority to dismiss an action because of a party's failure to prosecute is expressly recognized in Rule 41(b), which authorizes involuntary dismissal for failure to prosecute or to comply with rules of procedure or court orders. *See* Fed. R. Civ. P. 41(b); *see also Chambers v. Nasco, Inc.*, 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T*, 176 F.3d 359, 63 (6th Cir. 1999).

The Sixth Circuit directs the district courts to consider the following four factors in deciding whether to dismiss an action for failure to prosecute under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't.*, 529 F.3d 731, 737 (6th Cir. 2008) (citing *Knoll*, 176 F.3d at 363). "'Although typically none of the factors is outcome dispositive, . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.'" *Schafer*, 529 F.3d at 737 (quoting *Knoll*, 176 F.3d at 363).

On balance, the factors set forth in *Schafer* support dismissal. First, despite being afforded a total of 67 days to do so, Plaintiff failed to respond to Defendant's Motion to Compel as ordered. The Court initially provided Plaintiff with an additional ten days to respond and then granted an additional two weeks without request from Plaintiff. (Doc. 29, 30). Plaintiff failed to comply or

otherwise move for an extension of time to comply. He also has not filed anything else on this case. The absence of communication from Plaintiff demonstrates he has "a reckless disregard for the effect of his conduct on [the Court's] proceedings[,]" and thus acted with willfulness, bad faith, or fault. *Schafer*, 529 F.3d at 737 (quoting *Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005)).

Second, a defendant is prejudiced whenever they have "waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide." *Schafer*, 529 F.3d at 737 (quoting *Harmon v. CSX Transp.*, Inc., 110 F.3d 364, 368 (6th Cir. 1997)). Here, Defendants have been prejudiced by Plaintiff's refusal to participate in the discovery process. *Cf. Thompson v. Wal-Mart Stores E., LP*, No. 221CV10168GCSJJCG, 2022 WL 704938, at *3 (E.D. Mich. Feb. 18, 2022) (finding Plaintiff's failure to produce answers and respond to interrogatories after being warned of dismissal prejudiced Defendant), *report and recommendation adopted*, No. 21-CV-10168, 2022 WL 697781 (E.D. Mich. Mar. 8, 2022).

Finally, the third and fourth factors also weigh in favor of dismissal. As described above, the Court has twice warned Plaintiff that his failure to comply may result in the Court dismissing his action and particularly indicated its concern that this action has been abandoned. (Docs. 29, 30). Further, the Undersigned considered less drastic sanctions than dismissal but concludes that any such effort would be futile given Plaintiff's failure to participate in these proceedings. *Grange Mut. Cas. Co. v. Mack*, 270 F. App'x 372, 377 (noting that a court must simply "consider" lesser sanctions but is not required to actually issue such sanctions before granting a dismissal for failure to prosecute).

In view of the foregoing, the Undersigned concludes Plaintiff has abandoned this action. Although this Court has a "favored practice of reaching a disposition on the merits," the Court's

"need to manage its docket [and] the interest in expeditious resolution of litigation . . ." outweigh allowing this case to linger. *Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir. 1993).

## III. CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS GRANTING** Defendants' Motion to Compel (Doc. 27) and **DISMISSING** Plaintiff's Amended Complaint (Doc. 3) for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specific proposed findings or recommendations to which objection is made. Upon proper objection, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence, or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo* and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Date: October 15, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE